Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4755**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY DEWITT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Chief District Judge. (CR-02-211)

Submitted: May 19, 2004        Decided: June 4, 2004

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric B. Snyder, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Dewitt appeals his 168-month sentence imposed after he pled guilty to distribution of more than five grams of crack, in violation of 21 U.S.C. § 841(a)(1) (2000). Dewitt contends that the district court plainly erred in assessing two criminal history points under U.S. Sentencing Guidelines Manual § 4A1.1(d) (2002). We affirm.

Pursuant to USSG § 4A1.1(d), two criminal history points "are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation . . . ." USSG § 4A1.1(d), comment. (n.4). Dewitt asserts that he did not commit the instant offense while subject to another criminal justice sentence because he had completed his twelve-month probationary sentence for a battery conviction on April 7, 2001, and his relevant conduct relating to the instant offense began, at the earliest, on July 30, 2001—-the date on which co-defendant Emmanuel Donte Scott sold crack to a confidential informant in a controlled buy. We disagree.

The district court determined at sentencing that Dewitt's relevant conduct included Scott's sales of crack to Oliver Tobias Scott during four or five months in 2000. See USSG § 1B1.3; United States v. Kennedy, 32 F.3d 876, 890 (4th Cir. 1994) ("This broad concept of 'relevant conduct' includes activities that occurred

before the date identified by the indictment as the starting date of the offense."); <u>United States v. Harris</u>, 932 F.2d 1529, 1538 (5th Cir. 1991) (holding that "pre-indictment activities may properly be considered when determining the applicability of section 4A1.1(d) or (e)"). Dewitt's probation began on April 7, 2000, and ended on April 7, 2001. Because Dewitt's commission of the instant offense, including relevant conduct, occurred while he was on probation, we find no plain error in the district court's assessment of two criminal history points under USSG § 4A1.1(d). <u>See</u> <u>United States v. Osborne</u>, 345 F.3d 281, 284 (4th Cir. 2003) (discussing plain error standard of review); <u>see</u> <u>United States v. Vital</u>, 68 F.3d 114, 119 (5th Cir. 1995) (stating that questions of fact that could have been resolved by the district court had objection been made at sentencing can never constitute plain error).

Accordingly, we affirm Dewitt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>