**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4755

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY DEWITT,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6102)

Submitted: October 19, 2005          Decided: December 1, 2005

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Eric B. Snyder, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In United States v. Dewitt, 100 F. App. 145 (4th Cir. June 4, 2004) (unpublished), vacated, 125 S. Ct. 1009 (2005), we affirmed Dewitt's 168-month sentence imposed after he pled guilty to distributing more than five grams of crack cocaine on March 28, 2002. After reviewing Dewitt's appeal in light of Booker, we vacate his sentence and remand for resentencing.

Dewitt contends that his sentence violates the Sixth Amendment because the district court at sentencing held him accountable for 214.7 grams of crack, see U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2002), enhanced his sentence for possession of a firearm, see USSG § 2D1.1(b)(1), and assessed two criminal history points based upon the court's conclusion that Dewitt was under a criminal justice sentence at the time he committed the instant offense, see USSG § 4A1.1(d). Because Dewitt did not raise the Sixth Amendment issue in the district court, we review for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Dewitt must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant satisfies these requirements, this court's "discretion is

appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Dewitt under the mandatory federal Sentencing Guidelines by determining drug quantity, applying an enhancement for possession of a firearm, and assessing two criminal history points based upon Dewitt's status at the time he committed the instant offense. These findings, among others, yielded a Sentencing Guideline range of 168 to 188 months, and the court sentenced Dewitt to a 168-month term of imprisonment. At the plea hearing, Dewitt admitted that he distributed 13.7 grams of crack but did not admit that he possessed a firearm. Thus, using only the amount of drugs to which Dewitt admitted at the plea

colloquy and excluding the enhancement for possession of a weapon and the downward adjustment for acceptance of responsibility under USSG § 3E1.1, see United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), Dewitt's total offense level would have been twenty-six. See USSG § 2D1.1(c)(7). With a criminal history category of III, the resulting guideline range would be seventy-eight to eighty-seven months of imprisonment.[1] USSG Ch. 5, Pt. A (Sentencing Table). In light of Booker and Hughes, we find that the district court's plain error in sentencing Dewitt based on facts found by the court affects his substantial rights and warrants correction.[2]

Accordingly, we vacate Dewitt's sentence and remand for resentencing.[3] We dispense with oral argument because the facts

---

[1]We take no position on whether the district court's assessment of two criminal history points under USSG § 4A1.1(d) violates the Sixth Amendment because, even assuming a criminal history category of III, Dewitt is entitled to be resentenced.

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dewitt's sentencing.

[3]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 &

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    VACATED AND REMANDED

---

Supp. 2005).  Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.